# United States District Court
## Eastern District of Missouri

| UNITED STATES OF AMERICA | |
|---|---|
| v | JUDGMENT IN A CRIMINAL CASE |
| CARL SWOPE | |
| | CASE NUMBER: 4:09-CR-291 HEA |
| | USM Number: 27196-044 |
| THE DEFENDANT: | Ronald Jenkins |
| | **Defendant's Attorney** |

☒ pleaded guilty to count(s)  One (1) and Two (2) of the Information on April 22, 2009

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1029(a)(5) and in violation of 18 USC 1028(A) | Did knowingly transfer, possess, and use, without lawful authority, identification of another person in relation to commission of felony offense of access device fraud | August 6, 2008 | One (1) |
| 18 USC 1029(a)(5) and 1029(b)(1) | Knowingly and with intent to defraud used, and attempted to use, one or more access devices issued to others | July 29, 2008 and continuing to about August 15, 2008 | Two (2) |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 10, 2009
Date of Imposition of Judgment

_/s/_
Signature of Judge

Honorable Henry E. Autrey
UNITED STATES DISTRICT JUDGE
Name & Title of Judge

June 10, 2009
Date signed

DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District: Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 58 months

This term consists of 24 months on count one and 34 months on count two to be served consecutively. This sentence shall run consecutively with docket numbers S1-4:96cr253 HEA; 4:00cr27 HEA; and S1-4:03cr30 HEA.

☒ The court makes the following recommendations to the Bureau of Prisons:

IT IS RECOMMENDED that the defendant be evaluated for participation in the Residential Drug Abuse Program and mental health treatment program if this is consistent with Bureau of Prisons policy.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./pm on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal

    ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District: Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 years__

This term consists of a term of one year on count one and three years on count two, such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The Defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician:
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District: Eastern District of Missouri

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall abstain from the use of alcohol and/or all other intoxicants.

3. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, Residential Re-Entry Center, or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

4. The defendant shall participate in a mental health program approved by the United States Probation Office. The defendant shall pay for the costs associated with treatment based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of treatment.

5. The defendant shall provide the probation officer and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

6. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the United States Probation Office so long as there is a balance on the Court-imposed financial obligation.

7. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

8. The defendant shall pay the restitution as previously ordered by the Court.

DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District: Eastern District of Missouri

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | | $99,050.47 |

☐ The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☒ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| AMEX, American Express Global Security, Custodian of Records | | $44,454.56 | |
| 2000 1st Dr., Suite 250, Marietta, GA 30062-7741 | | | |
| Chase/Bank One Chase Bank, Attn: Jeremy Geisel, 4900 Memorial Hwy | | $26,538.89 | |
| Fl 2-3401, Tampa, FL. 33634 | | | |
| Citigroup, C/O Richard Bentz, 50 Northwest Point Blvd | | $23,047.43 | |
| Suite 03B-130, Elk Grove Village, IL 60007 | | | |
| GE Money Bank, C/O Valerie Selby, Special Investigations, | | $5,009.59 | |
| Law Enforcement Team, 950 Forrer Blvd., Kettering, OH 45420 | | | |
| Totals: | | $99,050.47 | |

☒ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived for the.   ☐ fine and /or   ☐ restitution.
  ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District:  Eastern District of Missouri

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the fund available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100.00, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release of imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay the criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
District: Eastern District of Missouri

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $99,250.47 due immediately, balance due

    ☐ not later than _____, or

    ☒ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or  ☒ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time: or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100.00, on each of counts 1 and 2, for a total of $200.00, that shall be due immediately. \*\*See pages 5 and 6 of this Judgment regarding the payment of restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.



DEFENDANT: CARL SWOPE
CASE NUMBER: 4:09-CR-291 HEA
USM Number: 27196-044

# UNITED STATES MARSHAL
# RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

☐ The Defendant was released on _____ to _____ Probation

☐ The Defendant was released on _____ to _____ Supervised Release

☐ and a Fine of _____ ☐ and Restitution in the amount of _____

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____